## ROY HODGES v. STATE.

No. A-9401.  July 7, 1939.
(92 P. 2d 590.)

For former opinion, see 65 Okla. Cr. 277, 85 P. 2d 443.

O. A. Cargill, Howard K. Berry, and Bob Howe, all of Oklahoma City, and Ogden & Thompson, of Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Lewis R. Morris, Co. Atty., of Oklahoma City, for the State.

BAREFOOT, J.  This case has been briefed and oral argument had upon rehearing.  We have again carefully examined the record.  It has been very forcibly argued that the information in this case should have defined the term "assault and battery," that being the misdemeanor which defendant was found guilty of committing in the perpetration of the homicide in this case.  The court, in his charge to the jury, instruction No. 14, advised the jury "that a misdemeanor is every crime other than those which are or may be punishable with death, or by imprisonment in the penitentiary," and that if defendant attempted with force or violence to do corporeal hurt to the deceased by slapping or pushing him, he would be guilty of a misdemeanor, but if he did not do so with an intent to do corporeal hurt to the deceased by force or violence, the same would not be a misdemeanor.  He also instructed the jury if the act was

committed in a spirit of frivolity or fun, the defendant would not be guilty. It appears to us that this instruction was very fair to the defendant and was as favorable as he could have possibly requested.

It is strongly urged by defendant on rehearing that the facts as presented by the record in this case are such that the judgment and sentence of seven years is too severe and that the same should be reduced. As stated in the original opinion, there is no question that there was no design on the part of the defendant to kill the deceased. It was not accomplished in any cruel or unusual manner. He was not acquainted with him. And while the defendant was without cause in slapping the deceased, who was a much older man than he, we have examined many authorities from this and other states, and have re-read the record, and come to the conclusion that justice would be best served by reducing the sentence imposed in this case from seven years in the penitentiary to four years in the penitentiary, and as so modified the judgment of the district court of Oklahoma county is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.